UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF LOUISIANA


COMMON MARKET FERTILIZER                      CIVIL ACTION
GROUP


VERSUS                                        NO: 07-1624


M/V ENDEAVOR, ET AL.                          SECTION: "R"(2)


                           **ORDER AND REASONS**

   Before the Court is defendants' unopposed motion to stay proceedings in the above-captioned case pending arbitration.  For the following reasons, the Court GRANTS the motion for a stay pending arbitration.


**I.   BACKGROUND**

   This case arises from the contamination of 26,925,425 metric tons of bulk urea owned by plaintiff Common Market Fertilizer Group.  On April 7, 2007, Common Market filed a complaint against defendants M/V ENDEAVOR, Sea Aim Marine and Leros Ship Management with a request for issuance of a warrant for maritime arrest and attachment against them.  Common Market brings this suit for alleged damages it incurred as a result of the contaminated

cargo, which had been loaded aboard the M/V ENDEAVOR in Estonia sometime in early March 2007 for shipment to New Orleans pursuant to a bill of lading entered into by the plaintiff and defendants under their charter party agreement.  On July 2, 2007, defendants filed this motion to stay proceedings pending arbitration contending that, under the express terms of the charter party agreement, all of Common Market's claims against defendants first must be brought before arbitrators in London.  In its response to defendants' motion, Common Market indicated that it has no objection to a stay.  The Court rules as follows.

**II.  DISCUSSION**

There is a "strong federal policy in favor of enforcing arbitration agreements."  *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 217, 105 S.Ct. 1238, 1240 (1985).  The Federal Arbitration Act states that:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration . . . the court . . . shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . . .

9 U.S.C. § 3.

The FAA specifically applies to maritime transactions.  9 U.S.C. § 2.  An application for arbitration by either party under

Section 3 "requests the district court to refrain from further action in a suit pending arbitration, and requires the court to first determine whether there is a written agreement to arbitrate between the parties, and then whether any of the issues raised are within the reach of the agreement." *Texaco Exploration and Production Company v. AmClyde Engineered Products Company, Inc.*, 243 F.3d 906, 909 (5th Cir. 2001) (citing *Midwest Mechanical Contractors, Inc. v. Commonwealth Construction,* 801 F.2d 748, 750 (5th Cir. 1986)). "If the issues in a case are within the reach of that [arbitration] agreement, the district court has no discretion under section 3 to deny the stay." *See id.* (citation omitted).

Here, Common Market and Sea Aim entered a voyage charter that contains an arbitration clause. Specifically, Clause 22 of the charter party provides:

> Any dispute under this Charter Party shall be referred to two Arbitrators, one to be appointed by each party and in case the two said Arbitrators cannot agree, then to an Umpire appointed by the two Arbitrators. The Umpire and Arbitrators to be commercial men and no Lawyers. The Arbitration to be held in London and to be binding upon both parties thereto under this provision of the Arbitration Act and amendments thereto. The Charter Party shall be subject to English law. Arbitrators to be members of the LMAA.

(R. Doc. 20, Ex. B). The bill of lading issued in connection with the allegedly contaminated urea cargo contains the following

provision: "All terms and conditions, liberties and exceptions of the Charter Party, dated as overleaf, including the Law and Arbitration Clause, are herewith incorporated." (*Id.*, Ex. A). Based on these terms in the charter party and bill of lading, the Court finds that there is a written agreement to arbitrate between the two parties. Further, the arbitration clause in this case is a "broad" agreement because it covers "any dispute" between the parties. *See Texaco*, 243 F.3d at 909. As a result, the issues in this case arguably arise under the arbitration agreement and thus this Court has no discretion to deny the requested stay. *Id.* (citing *Hornbeck Offshore Corp. v. Coastal Carriers Corp.*, 981 F.2d 752, 754-55 (5th Cir. 1993)).

**IV.   CONCLUSION**

For the foregoing reasons, the Court GRANTS defendants' motion to stay plaintiff's claims pending arbitration.

New Orleans, Louisiana, this 30th day of July, 2007.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT COURT